**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| NEURELIS, INC.,<br><br>        *Plaintiffs*,<br><br>   v.<br><br>AMNEAL PHARMACEUTICALS LLC AND<br>AMNEAL PHARMACEUTICALS, INC.<br><br>        *Defendants*. | C.A. No. _____ |

**COMPLAINT**

Plaintiff Neurelis, Inc. ("Neurelis"), by and through its attorneys, brings this action against Defendants Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals Inc., (collectively, "Amneal") and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for infringement of U.S. Patent Nos. 11,241,414 ("the '414 patent"), 11,793,786 ("the '786 patent"), 12,268,664 (the "'664 patent"), 12,324,852 (the "'852 patent"), 12,337,061 (the "'061 patent"), and 12,521,400 (the "'400 patent") (collectively, the "Asserted Patents") under the patent laws of the United States, Title 35, United States Code, that arises out of Amneal's submission of Abbreviated New Drug Application ("ANDA") No. 219109 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell and/or import generic versions of VALTOCO® (diazepam nasal spray), prior to the expiration of the Asserted Patents.[1] Amneal's ANDA No. 219109 covers a diazepam nasal spray,  7.5 mg/spray and 10 mg/spray (together, the "Amneal ANDA Products").

---

[1] Four prior, related cases entitled *Neurelis, Inc. v. Padagis LLC*, C.A. No. 1:24-cv-00562MN (the "Padagis I Action"), *Neurelis, Inc. v. Padagis LLC, et. al.,* C.A. No. 1:25-cv-00821MN (the

## THE PARTIES

2.      Neurelis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3430 Carmel Mountain Road, Suite 300, San Diego, California 92121.

3.      On information and belief, Amneal Pharmaceuticals LLC is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 400 Crossing Boulevard, Third Floor, Bridgewater, New Jersey 08807.

4.      On information and belief, Defendant Amneal Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 400 Crossing Boulevard, Third Floor, Bridgewater, New Jersey 08807.

5.      On information and belief, Amneal Pharmaceuticals LLC is a wholly-owned subsidiary of Amneal Pharmaceuticals, Inc.

6.      On information and belief, Amneal Pharmaceuticals, Inc. directs the operations, management, and activities of Amneal Pharmaceuticals LLC in the United States.

7.      On information and belief, Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals, Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to development, regulatory approval, marketing, sale, offer for sale, and

---

"Padagis II Action"), *Neurelis, Inc. v. Padagis LLC,* C.A. No. 1:25-cv-01228MN (the "Padagis III Action"), and *Neurelis, Inc. v. Lupin Inc.,* C.A. No. 1:25-cv-01443MN  (the "Lupin I Action") were filed in this Court on May 8, 2024, July 2, 2025, October 3, 2025, and November 26, 2025 respectively. On or about January 23, 2026, the Court consolidated the foregoing actions. *See* D.I. 111 in Padagis I Action. Those infringement claims remain pending against Padagis and Lupin respectively and are not repeated herein. Pursuant to L.R. 3.1, the Civil Cover Sheet accompanying this Complaint indicates that the Padagis I, II, and III, and Lupin I Actions are Related Actions. Neurelis submits that this matter is appropriate for consolidation with the other Padagis and Lupin actions.

distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Amneal's ANDA Products.

8.      On information and belief, Amneal participated in, assisted, and cooperated in the acts complained of herein, and acted in concert to prepare and submit ANDA No. 219109 ("the Amneal ANDA") to the FDA for the manufacture, importation, marketing, and sale of the drug that is the subject of the Amneal ANDA if it is approved.

<u>**JURISDICTION**</u>

9.      This action arises under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 1391, 1400(b), 2201, and 2202.

10.     This Court has personal jurisdiction over Amneal Pharmaceuticals LLC because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipated being hailed into court here. On information and belief, Amneal Pharmaceuticals LLC is a corporation formed under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Amneal Pharmaceuticals LLC develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transactions business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business within the State of Delaware.

11.     This Court has personal jurisdiction over Amneal Pharmaceuticals, Inc. because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipated being hailed into court here. On information and

belief, Amneal Pharmaceuticals, Inc. is a corporation formed under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Amneal Pharmaceuticals, Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transactions business within the State of Delaware related to Plaintiff's claims, and/or has engaged in systematic and continuous business within the State of Delaware.

12.     Amneal Pharmaceuticals LLC has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act, including in an action within this judicial district. *See, e.g., Bayer Healthcare LLC et al.*, *v. Amneal Pharmaceuticals LLC et al*., C.A. No. 1:21-cv-01770-WCB, D.I. 1 at 8, (Dec. 17, 2021). This Court has personal jurisdiction over Amneal Pharmaceuticals LLC because Amneal Pharmaceuticals LLC previously submitted to the jurisdiction of this Court. *See, e.g., Nivagen Pharmaceuticals, Inc. v. Amneal Pharmaceuticals, Inc. et al*., C.A. No. 1:24-cv-00846-GBW, D.I. 93 at 5, Answer to ¶ 9 (Dec. 13, 2024). Further, Amneal Pharmaceuticals LLC availed itself of this Court by asserting counterclaims under the patent laws of the United States. *See id*., D.I. 93 at 41-69 (Counterclaims).

13.     Amneal Pharmaceuticals, Inc. has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. §

355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act, including in an action within this judicial district. *See, e.g., Bayer Healthcare LLC et al.*, *v. Amneal Pharmaceuticals LLC et al*., C.A. No. 1:21-cv-01770-WCB, D.I. 1 at 8, (Dec. 17, 2021). This Court has personal jurisdiction over Amneal Pharmaceuticals, Inc. because Amneal Pharmaceuticals, Inc. previously submitted to the jurisdiction of this Court. *See id*., D.I. 10 at 7, Answer to ¶ 12 (Feb. 18, 2022). Further, Amneal Pharmaceuticals, Inc. availed itself of this Court by asserting counterclaims under the patent laws of the United States. *See id*., D.I. 10 at 25-31 (Counterclaims).

## VENUE

14.    Venue is proper in this district as to Amneal Pharmaceuticals LLC pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Amneal Pharmaceuticals LLC is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

15.    Venue is proper in this district as to Amneal Pharmaceuticals, Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Amneal Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

## VALTOCO® AND THE PATENT-IN-SUIT

16.    Neurelis was founded in 2007 to develop, license, and commercialize novel drug product candidates that target the broader central nervous system ("CNS") with application in the fields of epilepsy and psychiatry.

17.    Neurelis holds approved New Drug Application ("NDA") No. N211635, pursuant to which the FDA granted approval for the commercial manufacture, marketing, sale, and use of VALTOCO (diazepam nasal spray) (5 mg, 7.5 mg, or 10 mg of diazepam per 0.1 ml). VALTOCO

is a prescription nasal spray rescue medicine used in the treatment of specific seizure activity in patients with epilepsy 2 years of age and older. Specifically, VALTOCO is indicated for the short-term treatment of "seizure clusters," or intermittent, stereotypic episodes of frequent seizure activity (*i.e.*, acute repetitive seizures) that are distinct from a patient's usual seizure pattern.

18.    Neurelis is the owner of the '414 patent, titled "Administration of Benzodiazepine Compositions." The '414 patent was duly and legally issued on February 8, 2022. The '414 patent claims priority to a provisional application filed March 28, 2008. A true and correct copy of the '414 patent is attached hereto as Exhibit A.

19.    The '414 patent discloses and claims a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, ethanol and benzyl alcohol, and n-dodecyl beta-D-maltoside ("n-DDM").

20.    Neurelis is the owner of the '786 patent, titled "Administration of Benzodiazepine Compositions." The '786 patent was duly and legally issued on October 24, 2023. The '786 patent claims priority to a provisional application filed March 28, 2008. A true and correct copy of the '786 patent is attached hereto as Exhibit B.

21.    The '786 patent discloses and claims a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, one or more alcohols, and n-DDM.

22.    Neurelis is the owner of the '664 patent, titled "Administration of Benzodiazepine Compositions." The '664 patent was duly and legally issued on April 8, 2025. The '664 patent

claims priority to a provisional application filed March 28, 2008. A true and correct copy of the '664 patent is attached hereto as Exhibit C.

23.     The '664 patent discloses and claims, among other things, a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, one or more alcohols, and dodecyl beta-D-maltoside.

24.     Neurelis is the owner of the '852 patent, titled "Administration of Benzodiazepine Compositions." The '852 patent was duly and legally issued on June 10, 2025. The '852 patent claims priority to provisional applications filed June 14, 2011, and December 13, 2011. A true and correct copy of the '852 patent is attached hereto as Exhibit D.

25.     The '852 patent discloses and claims, among other things, a method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient by administering a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, ethanol and benzyl alcohol, and dodecyl maltoside.

26.     Neurelis is the owner of the '061 patent, titled "Administration of Benzodiazepine Compositions." The '061 patent was duly and legally issued on June 24, 2025. The '061 patent claims priority to provisional applications filed June 14, 2011, and December 13, 2011. A true and correct copy of the '061 patent is attached hereto as Exhibit E.

27.     The '061 patent discloses and claims, among other things, a method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient by administering a

pharmaceutical solution for nasal administration consisting of a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, one or more alcohols, ethanol, and dodecyl maltoside.

28.    Neurelis is the owner of the '400 patent, titled "Administration of Benzodiazepine Compositions." The '400 patent was duly and legally issued on January 13, 2026. The '400 patent claims priority to a provisional application filed March 28, 2008. A true and correct copy of the '400 patent is attached hereto as Exhibit F.

29.    The '400 patent discloses and claims, among other things, a pharmaceutical solution for nasal administration consisting of a benzodiazepine drug (including diazepam and pharmaceutically acceptable salts thereof), one or more tocopherols or tocotrienols, and one or more alcohols in a pharmaceutically acceptable spray formation for intranasal administration.

30.    Pursuant to 21 U.S.C. § 355(b)(1), Neurelis previously submitted information concerning the '414, '786, '664, '852, '061, and '400 patents to the FDA in connection with NDA No. N211635, identifying each as a patent covering VALTOCO. The '414, '786, '664, '852, '061, and '400 patents have been listed in the FDA publication "Approved Drug Products with Therapeutic Equivalents Evaluations" (commonly known as the "Orange Book") as covering VALTOCO.

31.    The Orange Book lists the expiration date for the '414, '786, '664, and '400 patents as March 27, 2029. The Orange Book lists the expiration date for the '852 patent as October 16, 2032 and June 13, 2032, for the '061 patent.

## AMNEAL'S ANDA NO. 219109 AND NOTICE LETTERS

32.    Amneal first notified Neurelis by letter dated February 18, 2026 (the "Amneal Notice Letter") that it had submitted ANDA No. 219109 (the "Amneal ANDA") to the FDA under

21 U.S.C. § 355(j) seeking approval to manufacture, use or sell a generic version of VALTOCO (diazepam nasal spray), 7.5 mg/spray and 10 mg diazepam/spray (the "Amneal ANDA Products") prior to the expiration of the Asserted Patents. The Amneal Notice Letter informed Neurelis that Amneal's ANDA contained a "Paragraph IV Certification" alleging that the claims of the '546, '414, '786, '664, '852, '061, and '400 patents are invalid, not enforceable, and/or not infringed by the Amneal ANDA Products.

33.    The Amneal Notice Letter was sent on behalf of Amneal Pharmaceuticals, LLC, executed by Bryan Sommese, and provided Bryan Sommese as an agent authorized to accept service of process.

34.    On information and belief, Amneal's ANDA has not yet been approved by the FDA.

35.    This action is being filed within forty-five (45) days of Neurelis's receipt of the Amneal Notice Letter. Accordingly, Neurelis is entitled to a 30-month stay of FDA approval pursuant to 21 U.S.C. §§ 355(j)(5)(B)(iii) and 355(j)(5)(F)(ii).

## COUNT I
## INFRINGEMENT OF THE '414 PATENT

36.    Neurelis re-alleges paragraphs 1-35 as if fully set forth herein.

37.    Amneal submitted the Amneal ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Amneal's ANDA Products prior to the expiration of the '414 patent.  By submitting the Amneal ANDA, Amneal has infringed at least claims 1-3; 5-13; and 15-18 of the '414 patent under 35 U.S.C. § 271(e)(2)(A).

38.    Claim 1 of the '414 patent provides:

1. A pharmaceutical solution for nasal administration consisting of:

diazepam or a pharmaceutically acceptable salt thereof;

one or more natural or synthetic tocopherols or tocotrienols, or any combinations thereof, in an amount from 30% to 95% (w/w);

ethanol and benzyl alcohol in a combined amount from 10% to 70% (w/w); and

n-dodecyl beta-D-maltoside.

39.     By reason of the Amneal Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that the Amneal's ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '414 patent.  More specifically, Amneal's ANDA and ANDA Products satisfy at least each of the aforementioned claim limitations exemplified in Claim 1 of the '414 patent and/or their equivalents.

40.     On information and belief, immediately upon the FDA's approval of ANDA No. 219109, Amneal intends to, and will, manufacture, use, sell and/or offer to sell the Amneal ANDA Products throughout the United States, and any such commercial activities will directly infringe the '414 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '414 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '414 patent under 35 U.S.C. § 271(c).

41.     On information and belief, Amneal has acted with full knowledge of the '414 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '414 patent.  Notwithstanding this knowledge, Amneal has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Amneal's ANDA Products immediately and imminently upon approval of the Amneal ANDA. Through such activities, Amneal specifically intends infringement of the '414 patent.

42.     As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Amneal's infringement of the '414 patent is not enjoined.  Neurelis does not have an adequate remedy at law.

43.     As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Amneal ANDA be a date which is not earlier than the expiration date of the '414 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

**COUNT II**
**INFRINGEMENT OF THE '786 PATENT**

44.     Neurelis re-alleges paragraphs 1-43 as if fully set forth herein.

45.     Amneal submitted the Amneal ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Amneal's ANDA Products prior to the expiration of the '786 patent.  By submitting the Amneal ANDA, Ameanl has infringed at least claims 1-3; 5-9; 11-13; and 15-27 under 35 U.S.C. § 271(e)(2)(A).

46.     Claim 1 of the '786 patent provides:

1. A pharmaceutical solution for nasal administration consisting of:
a therapeutically effective amount of diazepam or a pharmaceutically acceptable salt thereof;

one or more natural or synthetic tocopherols or tocotrienols selected from the group consisting of $\alpha$-tocopherol, $\beta$-tocopherol, $\gamma$-tocopherol, $\delta$-tocopherol, $\alpha$-tocotrienol, $\beta$-tocotrienol, $\gamma$-tocotrienol, $\delta$-tocotrienol, tocophersolan, any isomers thereof, any esters thereof, and any combinations thereof, in an amount from 30% to 95% (w/w);

one or more alcohols in an amount from 10% to 70% (w/w), wherein the one or more alcohols comprises benzyl alcohol; and

n-dodecyl beta-D-maltoside.

47.     By reason of the Amenal Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that the Amneal's ANDA and ANDA Products literally

or through the doctrine of equivalents infringe the claims of the '786 patent. More specifically, Amneal's ANDA and ANDA Products satisfy at least each of the aforementioned claim limitations exemplified in Claim 1 of the '786 patent and/or their equivalents.

48.    On information and belief, immediately upon the FDA's approval of ANDA No. 219109, Amneal intends to, and will, manufacture, use, sell and/or offer to sell the Amneal ANDA Products throughout the United States, and any such commercial activities will directly infringe the '786 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '786 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '786 patent under 35 U.S.C. § 271(c).

49.    On information and belief, Amneal has acted with full knowledge of the '786 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '786 patent. Notwithstanding this knowledge, Amneal has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Amneal's ANDA Products immediately and imminently upon approval of the Amneal ANDA. Through such activities, Amneal specifically intends infringement of the '786 patent.

50.    As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Amneal's infringement of the '786 patent is not enjoined. Neurelis does not have an adequate remedy at law.

51.    As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Amneal ANDA be a date which is not earlier than the expiration date of the '786 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

## COUNT III
## INFRINGEMENT OF THE '664 PATENT

52.     Neurelis re-alleges paragraphs 1-51 as if fully set forth herein.

53.     Amneal submitted the Amneal ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Amneal's ANDA Products prior to the expiration of the '664 patent. By submitting the Amneal ANDA, Amneal has infringed claims 1-18 of the '664 patent under 35 U.S.C. § 271(e)(2)(A).

54.     Claim 1 of the '664 patent provides:

> 1. A pharmaceutical composition for intranasal administration comprising:
>
> about 1 to about 20 mg of diazepam dissolved in about 45% to about 85% (w/w) of one or more natural or synthetic tocopherols or tocotrienols selected from the group consisting of: α-tocopherol, β-tocopherol, γ-tocopherol, δ-tocopherol, α-tocotrienol, β-tocotrienol, γ-tocotrienol, δ-tocotrienol, tocophersolan, any esters thereof and any combinations thereof, and about 25% to about 40% (w/w) of one or more alcohols selected from the group consisting of ethanol, propyl alcohol, butyl alcohol, pentanol, benzyl alcohol, and any combinations thereof, and about 0.01% to about 1% (w/v) of dodecyl β-D-maltoside, wherein the pharmaceutical composition is a solution and contains less than 1% water, wherein the pharmaceutical composition is in a pharmaceutically-acceptable spray formulation.

55.     By reason of the Amneal Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that Amneal's ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '664 patent. More specifically, Amneal's ANDA and ANDA Products satisfy at least each of the aforementioned claim limitations exemplified in Claim 1 of the '664 patent and/or their equivalents.

56.     On information and belief, immediately upon the FDA's approval of ANDA No. 219109, Amneal intends to, and will, manufacture, use, sell and/or offer to sell the Amneal ANDA Products throughout the United States, and any such commercial activities will directly infringe the '664 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '664 patent

under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '664 patent under 35 U.S.C. § 271(c).

57.     On information and belief, Amneal has acted with full knowledge of the '664 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '664 patent. Notwithstanding this knowledge, Amneal has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Amneal's ANDA Products immediately and imminently upon approval of the Amneal ANDA. Through such activities, Amneal specifically intends infringement of the '664 patent.

58.     As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Amneal's infringement of the '664 patent is not enjoined. Neurelis does not have an adequate remedy at law.

59.     As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Amneal's ANDA be a date which is not earlier than the expiration date of the '664 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

**COUNT IV**
**INFRINGEMENT OF THE '852 PATENT**

60.     Neurelis re-alleges paragraphs 1-59 as if fully set forth herein.

61.     Amneal submitted the Amneal ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Amneal's ANDA Products prior to the expiration of the '852 patent. By submitting the Amneal ANDA, Amneal has infringed claims 1-9; 14-21; 23-25; 27-29; and 31 of the '852 patent under 35 U.S.C. § 271(e)(2)(A).

62.     Claim 1 of the '852 patent provides:

1. A method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient comprising:

administering a single spray of 100 μL to one nasal mucosal membrane of the patient of a pharmaceutical solution consisting of:

56.47 mg of vitamin E USP +/−5%;
10 mg of diazepam;
0.25 mg of dodecyl maltoside;
10.50 mg of benzyl alcohol +/−5%, and a sufficient quantity of ethanol;

wherein administering the single spray of the pharmaceutical solution to the patient achieves 92.5% to 107.5% of the bioavailability of an equivalent dose of diazepam administered intravenously and is safe and effective in treating the bouts of intermittent and stereotypic episodes of increased seizure activity in the patient; and

wherein administering the single spray of the pharmaceutical solution to the one nasal mucosal membrane of the patient results in a treatment selected from the group consisting of a reduction in the severity of the seizure, a reduction in the probability that the patient will experience a repeat seizure, an increase in the interval between a current seizure and a next seizure in the patient, a reduction in the frequency of seizure in the patient and combinations thereof.

63.     By reason of the Amneal Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that Amneal's ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '852 patent. More specifically, Amneal's ANDA and ANDA Products satisfy at least each of the claim limitations exemplified in Claim 1 of the '852 patent and/or their equivalents.

64.     On information and belief, immediately upon the FDA's approval of ANDA No. 219109, Amneal intends to, and will, manufacture, use, sell and/or offer to sell the Amneal ANDA Products throughout the United States, and any such commercial activities will directly infringe the '852 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '852 patent

under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '852 patent under 35 U.S.C. § 271(c).

65.    On information and belief, Amneal has acted with full knowledge of the '852 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '852 patent. Notwithstanding this knowledge, Amneal has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Amneal's ANDA Products immediately and imminently upon approval of the Amneal ANDA. Through such activities, Amneal specifically intends infringement of the '852 patent.

66.    As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Amneal's infringement of the '852 patent is not enjoined. Neurelis does not have an adequate remedy at law.

67.    As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Amneal's ANDA be a date which is not earlier than the expiration date of the '852 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

## COUNT V
## INFRINGEMENT OF THE '061 PATENT

68.    Neurelis re-alleges paragraphs 1-67 as if fully set forth herein.

69.    Amneal submitted the Amneal ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Amneal's ANDA Products prior to the expiration of the '061 patent. By submitting the Amneal ANDA, Amneal has infringed at least claims 1-52 under 35 U.S.C. § 271(e)(2)(A).

70.     Claim 21 of the '061 patent provides the following as reflected in the claims corrected by the Certificate of Correction accompanying the '061 patent:

> 21. A method of treating bouts of intermittent and stereotypic episodes of increased seizure activity in an epilepsy patient that is distinguishable from other seizures suffered by the patient comprising:
>
>> administering a single spray of 100 μL +/-5% of a stable pharmaceutical solution to a nostril of the patient, the pharmaceutical solution containing:
>>
>>> 56.47 mg of vitamin E USP +/-5%;
>>> 10 mg of diazepam;
>>> 0.25 mg of dodecyl maltoside +/-5%;
>>> 10.50 mg of benzyl alcohol +/-5%; and
>>> a sufficient quantity of ethanol;
>
> wherein administering the single spray of the pharmaceutical solution achieves 92.5% to 107.5% of the bioavailability of an equivalent dose of diazepam administered intravenously;
>
> wherein administering the single spray of the pharmaceutical solution is safe and effective in treating the bouts of intermittent and stereotypic episodes of increased seizure activity in the patient; and
>
> wherein administering the single spray of the pharmaceutical solution results in a treatment selected from the group consisting of a reduction in the severity of the seizure, a reduction in the probability that the patient will experience a repeat seizure, an increase in the interval between a current seizure and a next seizure in the patient, a reduction in the frequency of seizure in the patient and combinations thereof.

71.     By reason of the Amneal Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that the Amneal's ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '061 patent. More specifically, Amneal's ANDA and ANDA Products satisfy at least each of the claim limitations exemplified in Claim 21 of the '061 patent and/or their equivalents.

72.     On information and belief, immediately upon the FDA's approval of ANDA No. 219109, Amneal intends to, and will, manufacture, use, sell and/or offer to sell the Amneal ANDA Products throughout the United States, and any such commercial activities will directly infringe

the '061 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '061 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '061 patent under 35 U.S.C. § 271(c).

73.     On information and belief, Amneal has acted with full knowledge of the '061 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '061 patent. Notwithstanding this knowledge, Amneal has asserted its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Amneal's ANDA Products immediately and imminently upon approval of the Amneal ANDA. Through such activities, Amneal specifically intends infringement of the '061 patent.

74.     As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Amneal's infringement of the '061 patent is not enjoined. Neurelis does not have an adequate remedy at law.

75.     As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Amneal ANDA be a date which is not earlier than the expiration date of the '061 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

## COUNT VI
## INFRINGEMENT OF THE '400 PATENT

76.     Neurelis re-alleges paragraphs 1-75 as if fully set forth herein.

77.     Amneal submitted the Amneal ANDA to the FDA under 21 U.S.C. § 355(j) to obtain approval to engage in the commercial manufacture, use, or sale of Amneal's ANDA Products prior to the expiration of the '400 patent. By submitting the Amneal ANDA, Amneal has infringed claims 1-21 of the '400 patent under 35 U.S.C. § 271(e)(2)(A).

18

78.    Claim 1 of the '400 patent provides:

> 1.  A pharmaceutical composition for intranasal administration comprising:
>
> > about 1 to about 20 mg of diazepam dissolved in about 45% to about 85% (w/w) of one or more natural or synthetic tocopherols or tocotrienols selected from the group consisting of α-tocopherol, β-tocopherol, γ-tocopherol, δ-tocopherol, α-tocotrienol, β-tocotrienol, γ-tocotrienol, δ-tocotrienol, tocophersolan, any esters thereof and any combinations thereof, and about 25% to about 40% (w/w) of one or more alcohols selected from the group consisting of ethanol, propyl alcohol, butyl alcohol, pentanol, benzyl alcohol, and any combinations thereof, wherein the pharmaceutical composition is a solution of 50 μL to 150 μL, and wherein the pharmaceutical composition is in a pharmaceutically-acceptable spray formulation for intranasal administration.

79.    By reason of the Amneal Notice Letter and the contents thereof, Neurelis is informed and believes and thereon alleges that Amneal's ANDA and ANDA Products literally or through the doctrine of equivalents infringe the claims of the '400 patent. More specifically, Amneal's ANDA and ANDA Products satisfy at least each of the claim limitations exemplified in Claim 1 of the '400 patent and/or their equivalents.

80.    On information and belief, immediately upon the FDA's approval of ANDA No. 219109, Amneal intends to, and will, manufacture, use, sell and/or offer to sell the Amneal ANDA Products throughout the United States, and any such commercial activities will directly infringe the '400 patent under 35 U.S.C. § 271(a), will actively induce infringement of the '400 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '852 patent under 35 U.S.C. § 271(c).

81.    On information and belief, Amneal has acted with full knowledge of the '400 patent and its claims and without a reasonable basis for believing that it would not be liable for direct or indirect (induced and/or contributory) infringement of the '400 patent. Notwithstanding this knowledge, Amneal has asserted its intent to engage in the manufacture, use, offer for sale, sale,

marketing, distribution and/or importation of Amneal's ANDA Products immediately and imminently upon approval of the Amneal ANDA. Through such activities, Amneal specifically intends infringement of the '400 patent.

82.    As a result of the foregoing, Neurelis will be substantially and irreparably harmed if Defendants' infringement of the '400 patent is not enjoined. Neurelis does not have an adequate remedy at law.

83.    As a result of the foregoing, Neurelis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the Defendants' ANDAs be a date which is not earlier than the expiration date of the '400 patent, or the date of any later expiration or exclusivity to which Neurelis is or becomes entitled.

## PRAYER FOR RELIEF

WHEREFORE, Neurelis requests the following relief:

(a)    A judgment that the '414, '786, '664, '852, '061, and '400 patents have been infringed by Amneal under 35 U.S.C. § 271(e)(2)(A) by submitting the Amneal ANDA;

(b)    A judgment that the commercial manufacture, use, sale, offer for sale, or importation into the United States of Amneal's ANDA Products will infringe the '414, '786, '664, '852, '061, and '400 patents under 35 U.S.C. §§ 271(a), (b), and/or (c);

(c)    A permanent injunction enjoining Amneal, and all persons acting in concert with Amneal, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Amneal's ANDA Products prior to the expiration of the '414, '786, '664, '852, '061, and '400 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    If Amneal commercially makes, uses, sells, or offers to sell the Amneal ANDA Products within the United States, or imports the Amneal ANDA Products into the United States, prior to the expiration of the '414, '786, '664, '852, '061, and '400 patents, including any

extensions, that Neurelis be awarded monetary damages for those infringing acts to the fullest extent allowed by law, and be awarded prejudgment interest based on those monetary damages;

(e)     A judgment ordering that the effective date of the approval of the Amneal ANDA be a date which is not earlier than the expiration date of the '414, '786, '664, '852, '061, and '400 patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(f)     Costs and expenses against Defendants in this action; and

(g)     Such further and other relief as this Court may deem just and proper.

Date: March 11, 2026

OF COUNSEL:

Michael Sitzman (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
415 Mission Street, Suite 5600
San Francisco, CA 94105
Tel: (628) 218-3800
msitzman@mcdermottlaw.com

Timothy P. Best (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: (310) 551-9321
tbest@mcdermottlaw.com

Connor S. Romm (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
Tel: (617) 535-5977
cromm@mcdermottlaw.com

Hannah Hurley (*pro hac vice* forthcoming)
**MCDERMOTT WILL & SCHULTE LLP**
650 Live Oak Avenue, Suite 300
Menlo Park, CA 94025-4885
Tel: (650) 815-7527
hhurley@mcdermottlaw.com

*/s/ Ethan H. Townsend*
Ethan H. Townsend (#5813)
**MCDERMOTT WILL & SCHULTE LLP**
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3911
ehtownsend@mcdermottlaw.com

*Attorneys for Plaintiff Neurelis, Inc.*